**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ELUZAI MERALES MENDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-732-SLP |
| | ) | |
| MARKWAYNE MULLIN et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Petitioner, a noncitizen[1] proceeding with counsel, filed a Petition for Writ of Habeas Corpus challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1). Chief United States District Judge Scott L. Palk referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a response and Petitioner filed a reply. (ECF Nos. 7 & 9).

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven business days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.    BACKGROUND

Petitioner, a citizen of Mexico, has resided in the United States since approximately October 2020. (ECF No. 1:15). On or about March 16, 2026, while Petitioner was at a gas station and on his way to work in Wichita, Kansas, he was encountered by ICE officials who ultimately took him into custody. (ECF No. 1:15-16). On that same day, ICE officials placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear and charged him with being inadmissible under 8 U.S.C. §§ 1182(a)(6)(A)(i) & 1182(a)(7)(A)(i)(I) as someone who entered the United States without having been admitted or paroled and without valid entry documents ore travel document. (ECF No. 7-1). Petitioner is currently detained in the Kay County Justice Facility.[2]

## II.    PETITIONER'S CLAIMS

Petitioner asserts two claims for relief:

- **Count I: Violation of the Immigration and Nationality Act (INA).** Petitioner alleges his continued detention under § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to those, like him, who previously entered the country and have been residing in the United States before being apprehended and placed in removal proceedings.

- **Count II: Violation of Due Process**. Petitioner alleges his continued detention without an individualized bond redetermination hearing violates his right to due process and that Respondents

---

[2] *See* https://locator.ice.gov/odls/#/results (last visited May 27, 2026).

revoked his previous release in an arbitrary manner, which violates his right to procedural due process.

(ECF No. 1:17-22).

Petitioner asks the Court to "[i]ssue a Writ of Habeas Corpus requiring that Respondents release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days." (ECF No. 1:23). Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[3] *Id.*

## III.    STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.    ANALYSIS

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under

---

[3] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment. 28 U.S.C. § 2412(d)(1)(B). Thus, the Court need not address this request at this juncture.

§ 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a." If Petitioner is an "applicant for admission" and "seeking admission" under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, Section 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Liberally construed, Petitioner argues he is being held in violation of the INA and he should be afforded a bond hearing under Section 1226. *See supra*. Respondents contend Petitioner is an "applicant for admission" and therefore properly detained under § 1225(b)(2)(A). Further, Respondents claim that § 1225(b)(2)(A) is not limited only to noncitizens "arriving" in the United States. (ECF No. 7:5-11).

The undersigned has reviewed the statutory text, Congressional intent, legislative history, and § 1226(a)'s application for the past three decades, as well as numerous recent cases addressing this exact issue. For the reasons stated below, and adopting this Court's reasoning in *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490, at *3-7 (W.D. Okla. Jan. 21, 2026), the undersigned recommends the

Court grant the Petition in part to the extent Petitioner seeks a bond hearing under § 1226(a).

First, the INA limits the scope of the term "seeking admission" in § 1225(b)(2)(A) so that section does not apply to noncitizens living in the United States when detained. Section 1225(b)(2)(A) "only applies when a noncitizen 'applicant for admission' is actively 'seeking admission' into the United States." *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025). If all "applicants for admission" are also "seeking admission," then § 1225(b)(2)(A)'s inclusion of the phrase "seeking admission" would be redundant and superfluous. *Lopez*, 2026 WL 165490, at *4. The undersigned best understands mandatory detention under § 1225(b)(2)(A) to apply to arriving noncitizens actively seeking admission at or near the border or port of entry—not those like Petitioner who have resided in the United States for years and were not arrested when trying to cross the border.

In addition, the legislative history and recent amendment of § 1226 indicate that section applies to noncitizens who previously entered without inspection and were residing in the United States when apprehended. Notably, after passage of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, the Department of Justice explained that "despite being applicants for admission, aliens who are present without having been admitted or paroled . . . will be eligible for bond and bond redetermination." *Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures*, 62 Fed. Reg. 10312, 10323 (Mar. 6, 1997)

(citation modified). Further, Congress' recent amendment to § 1226 mandating detention for certain criminal noncitizens renders Respondents' interpretation of § 1225(b)(2)(A) superfluous.

Finally, this Court, Judge DeGiusti, Judge Jones, Judge Russell, Judge Heaton, and myriad district courts have recently applied § 1226(a) to govern detention of noncitizens like Petitioner.[4] *See Norboev v. Lyons*, No. CIV-26-107-SLP, 2026 WL 497800, at *2 (W.D. Okla. Feb. 23, 2026) (finding § 1226(a) governs a similarly situated petitioner's detention and "join[ing] the decision reached by the vast majority of district courts in this judicial district, in district courts within the Tenth Circuit and across the country to have addressed the same issues as those raised by Petitioner"). This Court has found the plain language, legislative history, and past immigration practices all support a finding that "Petitioner's detention is not governed by §1225(b)(2)." *Lopez*, 2026 WL 165490, at *7. The undersigned agrees with this Court's reasoning, the majority of Judges in this District, and the great weight of authority to conclude Petitioner falls within the confines of § 1226(a), and not § 1225(b)(2)(A).

---

[4] *See, e.g., Lopez*, 2026 WL 165490, at *7; *Ramirez Rojas v. Noem*, No. CIV-25-1236-HE, 2026 WL 94641, at *1 (W.D. Okla. Jan. 13, 2026); *Valdez*, 2025 WL 3709021, at *3; *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025); *Urbina Garcia v. Holt*, No. CIV-25-1225-J, 2025 WL 3516071, at *4 (W.D. Okla. Dec. 8, 2025). Two Judges in the District have applied § 1225(b)(2)(A) to a similarly situated petitioner. *See Gutierrez Sosa v. Holt*, No. CIV-25-1257-PRW, 2026 WL 36344, at *3 (W.D. Okla. Jan. 6, 2026); *Alvarado Montoya*, No. CIV-25-01231-JD, 2025 WL 3733302, at *12 (W.D. Okla. Dec. 26, 2025).

This conclusion is also in accord with the Sixth, Eleventh, Second and Seventh Circuits, which rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents. *See Lopez-Camos v. Raycraft,* --- F.4th ---, 2026 WL _____ (6th Cir. 2026); *Hernandez Alvarez v. Warden, Federal Detention Center Miami*, --- F.4th ---, 2026 WL 1243395, at *5 (11th Cir. 2026); *Cunha v. Freden*, No. 25-3141-PR, --- F.4th ---, 2026 WL 1146044, at *2 (2d Cir. 2026); *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). *But see Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026) (agreeing with Respondents' interpretation); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 501-08 (5th Cir. 2026) (same).

Accordingly, the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention. The Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven business days or otherwise release him if he does not have a lawful bond hearing within that period.

If the Court grants Petitioner's requested relief for a bond hearing under § 1226(a), the undersigned recommends the Court decline to decide the merits of Petitioner's due process claim. *See, e.g.*, *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *6 n.3 (W.D. Okla. Dec. 16, 2025) (declining to decide the merits of Petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

## V.    RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT, IN PART,** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. The undersigned further recommends the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **June 3, 2026**. If a party wishes to respond to the other party's objections, such response must be filed not later than **June 8, 2026**. *See id*. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI.    STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on May 27, 2026.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE