**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ELUZAI MERALES MENDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-732-SLP |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner Eluzai Merales Mendez, proceeding with counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Before the Court is the Report and Recommendation [Doc. No. 10] (R&R) of United States Magistrate Judge Shon T. Erwin. The Magistrate Judge recommends granting, in part, the Petition.  Respondents have filed an Objection [Doc. No. 11], and the matter is at issue.

The Court reviews de novo any portion of the R&R to which the parties have made specific objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Review of all other issues addressed by the Magistrate Judge are deemed waived.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS IN PART the Petition.

**I.    Background**

Petitioner, a noncitizen and national of Mexico, entered the United States around October 2020.  On or around March 16, 2026, while on his way to work, Petitioner was

detained, taken into ICE custody, and placed into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through the issuance of a Notice to Appear. Petitioner was charged with being inadmissible under 8 U.S.C §§ 1182(a)(6)(A)(i) & 1182(a)(7)(A)(i)(I) as someone who entered the United States without having been admitted or paroled without valid entry documents or a travel document. Petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2)(A). Thus, Petitioner has not been given the opportunity to post bond or be released on other conditions. When Petitioner filed his Petition, he was detained in the Kay County Justice Facility in Newkirk, Oklahoma, where he currently remains.[1]

On April 7, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act (INA) and a violation of his due process rights under the Fifth Amendment of the United States Constitution. Petitioner claims that Respondents do not have authority to subject him to mandatory detention and that his continued detention without a bond hearing violates his due process rights. As relief, Petitioner seeks release from custody or, in the alternative, a bond hearing pursuant to 8 U.S.C. § 1226(a).

## II.    Discussion

The Magistrate Judge concluded that habeas relief should be granted, in part. The Magistrate Judge recommended that the Court order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within seven

---

[1] *See* ICE Online Detainee Locator System, at https://locator.ice.gov/odls/#/results (last visited June 8, 2026).

business days or otherwise release Petitioner if he has not received a lawful bond hearing within that time period.  The Magistrate Judge further recommended that the Court decline to address Petitioner's due process claim.

Respondent's objection asserts that the R&R fails to apply the plain meaning of § 1225(b)(2)(A). [Doc. No. 11] at 1.  Petitioner has not responded to the Respondent's objection.

The Court concurs with the Magistrate Judge's findings and rejects Respondents' statutory interpretation of § 1225(b)(2)(A) as governing Petitioner's detention.  The Court further adopts the reasoning set forth in *Lopez v. Corecivic Cimarron Corr. Facility*, No. CIV-25-1175-SLP, 2026 WL 165490 at *3-7 (W.D. Okla. Jan. 21, 2026), where this Court has previously addressed, in a more detailed Order, these same issues and concluded that ICE detention of  similarly situated petitioners is governed by § 1226(a).  The Court notes a current split of circuit authority on the statutory interpretation issue, with the Seventh and Second Circuits having ruled in a manner consistent with this Court.  *See Cunha v. Freden*, -- F.4th --, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Castañon-Nova v. U.S. Dep't  of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 508 (5th Cir. 2026) (agreeing with Respondent's position that § 1225(b)(2)(a) governs the detention); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir.

3

2026) (same).[2]    Accordingly, the Court concludes that § 1226(a) governs Petitioner's detention.

The Court grants relief to Petitioner in the form of a bond hearing under § 1226(a) and concurs with the conclusion of the Magistrate Judge to decline to address Petitioner's remaining claims.[3]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART.  Respondents are ORDERED to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) business days of the date of this Order, or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

A separate judgment shall be entered.

IT IS SO ORDERED this 8th day of June, 2026.

_____
**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

---

[2] To date, the Tenth Circuit has not ruled on the issue.  *See RIGOBERTO SANTILLAN QUIROZ v. SCARLET GRANT, et al.*, No. CIV-25-1349-PRW, 2026 WL 852201 (W.D. Okla. Jan. 13, 2026) (pending before the 10th Circuit).

[3] As the Magistrate Judge noted, if Petitioner seeks recovery of attorney fees under the Equal Access to Justice Act (EAJA), he "must seek those separately after a final judgment." *See* R&R at 3, n. 3 (citations omitted).